UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAUREN CUNNINGHAM, *individually and as a representative of a class of participants and beneficiaries in and on behalf of the USI 401(k) Plan*, | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: __06/03/2024__ |

                                        Plaintiff,

          -against-

USI INSURANCE SERVICES, LLC, BOARD OF
DIRECTORS OF USI INSURANCE SERVICES,
LLC, USI 401(K) PLAN COMMITTEE, and JOHN
and JANE DOES 1-30,

                                        Defendants.

No. 21 Civ. 01819 (NSR)
ORDER

NELSON S. ROMÁN, United States District Judge:

Plaintiff Lauren Cunningham ("Plaintiff"), a participating employee of the USI 401(k) Plan (the "Plan"), brings this putative class action against Defendants USI Insurance Services, LLC ("USI"), its Board of Directors (the "Board"), the USI 401(k) Plan Committee (the "Plan Committee"), and John and Jane Does 1-30. On December 12, 2023, the Court issued an Opinion & Order dismissing Plaintiff's Amended Complaint and granting her leave to file a Second Amended Complaint. (ECF No. 63.) On February 6, 2024, Plaintiff filed her Second Amended Complaint. ("SAC," ECF No. 64.) On March 7, 2024, Defendants sought leave to file a motion to dismiss Plaintiff's SAC, which the Court granted. (ECF Nos. 66, 68.) According to the briefing schedule set by the Court, Defendants' motion to dismiss shall be fully briefed on June 3, 2024.[1]

On May 13, 2024, Plaintiff filed a letter motion seeking an Order from the Court directing Defendants to complete the record and submit the Plan's recordkeeping agreements or, in the

---

[1] As of the date of this Order, Defendants have served their moving papers on the motion to dismiss and Plaintiff has served her opposition papers. Plaintiff is to serve her reply papers by June 3, 2024, and the parties are to file their respective briefing papers by the same date.

alternative, convert the motion to dismiss into a motion for summary judgment. (ECF No. 69.) On May 17, 2024, Defendants filed a letter in response opposing leave. (ECF No. 71.) On May 28, 2024, the Court held oral argument on the issue.

On a motion to dismiss, "the Court is entitled to consider facts alleged in the complaint and documents attached to it or incorporated in it by reference, documents 'integral' to the complaint and relied upon in it, and facts of which judicial notice may be taken." *Heckman v. Town of Hempstead*, 568 F. App'x 41, 43 (2d Cir. 2014); *see Manley v. Utzinger*, No. 10 Civ. 2210 (LTS)(HBP), 2011 WL 2947008, at *1 n.1 (S.D.N.Y. July 21, 2011) ("The Court may consider any written instrument attached to the complaint, statements or documents incorporated into the complaint by reference, and documents possessed by or known to the plaintiff and upon which the plaintiff relied in bringing the suit.").

"Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (quoting *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir.1995)). "A plaintiff's *reliance* on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion; mere notice or possession is not enough." *Id.* (emphasis in original) (citing *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47–48 (2d Cir. 1991)).

The crux of Plaintiff's argument is that the Court should direct Defendants to produce the recordkeeping agreements "so there is a complete, accurate record for the [motion to dismiss]." (ECF No. 69 at 2.) Having a "complete record," however, is immaterial to whether the Court should consider materials outside of the pleadings on a motion to dismiss. At this juncture, the relevant

inquiry is whether Plaintiff incorporates the recordkeeping agreements by reference or relied on them in drafting the SAC. Plaintiff does neither. Instead, she makes only a passing reference to the recordkeeping agreements in a footnote wherein she concedes that she did not rely on them. (SAC ¶ 119 n. 28 ("Because Plaintiff does not have access to the USICG or Fidelity recordkeeping agreements, she can only identify the services that she is aware of, that are required by ERISA, or that are generally provided to plans by recordkeepers.").) This is insufficient. *Williams v. Time Warner Inc.*, 440 F. App'x 7, 9 (2d Cir. 2011) ("A mere passing reference, or even references . . . to a document outside of the complaint does not, on its own, incorporate the document into the complaint itself."). Accordingly, the Court may not consider the recordkeeping agreements in deciding Defendants' motion to dismiss. The Court therefore declines to direct Defendants to produce them at this juncture.

The Court further declines to convert Defendants' motion to dismiss into one for summary judgment because it has not considered matters outside of the pleadings. *Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir. 2000) ("[W]hen matters outside the pleadings are presented in response to a 12(b)(6) motion," a district court must either "exclude the additional material and decide the motion on the complaint alone" or "convert the motion to one for summary judgment under Fed. R. Civ. P. 56 and afford all parties the opportunity to present supporting material.").

Plaintiff's request for an Order directing Defendants to produce the recordkeeping agreements or, alternatively, for the Court to convert the motion to dismiss into a motion for summary judgment is DENIED. The parties are directed to file their respective briefing papers on June 3, 2024.

Dated:  June 3, 2024
        White Plains, New York

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

3