```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/6/2025
```

## MEMORANDUM ENDORSEMENT

Cunningham v. USI Insurance Services, LLC et al,

7:21-cv-01819 (NSR)

The Court is in receipt of Plaintiff's letter dated April 28, 2025, requesting a pre-motion conference to file a motion for leave to amend (ECF No. 93) (attached hereto). The Court is also in receipt of Defendants' letter in response dated May 2, 2025 (ECF No. 95) (attached hereto).

The Court waives the pre-motion conference and sets the following briefing schedule: Plaintiff's moving papers are to be served (not filed) on June 16, 2025; the Defendants' opposing papers are to be served (not filed) on or before July 16, 2025; Plaintiff is to serve their reply on July 31, 2025. All motion papers are to be filed on the reply date, July 31, 2025.

The parties are further directed to provide an electronic copy of all motion papers by email to chambers as they are served as well as two hard copies of all motion papers as they are served. Defendants' pending motion to dismiss is hereby dismissed without prejudice to renew subject to resolution of Plaintiff's motion for leave to amend. The Clerk of Court is directed to terminate the motion at ECF No. 73.

**Dated: May 6, 2025**
    **White Plains, NY**

SO ORDERED:

NELSON S. ROMÁN
United States District Judge



ONE HAVERFORD CENTRE
361 WEST LANCASTER AVENUE
HAVERFORD, PA 19041
PHONE: 610-642-8500
FAX: 610-649-3633

STEVEN A. SCHWARTZ
SAS@CHIMICLES.COM

The Honorable Nelson S. Román                                       April 28, 2025
United States District Court
Southern District of New York
United States Courthouse
300 Quarropos Street
White Plains, NY 10601

      Re:    <u>Cunningham v. USI Insurance Services, LLC, et al., No. 7:21-cv-01819</u>

Dear Judge Román,

      Pursuant to Your Honor's Individual Civil Practices Rule 3.A.ii., I write on behalf of Plaintiff to request a pre-motion conference and set forth the bases for Plaintiff's proposed motion for leave to amend the pending Second Amended Complaint ("SAC") solely to add an additional count alleging violation 29 U.S.C. §1106(a)(1)(C), which categorically prohibits ERISA plan fiduciaries from causing "a plan to enter into a transaction" that the fiduciary "knows or should know . . . constitutes a direct or indirect . . . furnishing of goods, services, or facilities . . . between the plan and a party in interest." The proposed amendment would not add any additional factual allegations; it would only add a new Count IV to add charging allegations for a prohibited transactions claim with respect to the USI Defendants' transaction hiring USI affiliate USICG to preform recordkeeping and other services for the USI 401(k) pension plan.

      The SAC is already replete with factual allegations and specific ERISA claims, including duty of loyalty claims pursuant to 29 U.S.C. § 1104(a)(1)(A), challenging the USI Defendants' decision to hire USI affiliate USICG to provide recordkeeping and other services to the USI 401(k) pension plan. The SAC did not specifically allege a violation of ERISA's prohibited transaction provision in light of controlling case law. *See Cunningham v. Cornell*, 2017 WL 4358769, *10 (SDNY, Sept. 29, 2017), 86 F.4th 961 (2d Cir. 2023). Last week, in a unanimous decision, the Supreme Court reversed the Second Circuit's decision and held that: "The Court today holds that plaintiffs seeking to state a §1106(a)(1)(C) claim must plausibly allege that a plan fiduciary engaged in a transaction proscribed therein, *no more, no less*." 2025 U.S. LEXIS 1458 (April 17, 2025), at *19 (copy attached). The proposed Court IV would indisputably satisfy that standard for Rule 12 purposes.

Hon. Nelson S. Román
April 28, 2025
Page 2

When considering a motion for leave to amend, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Second Circuit has correspondingly held that a court may deny such a motion only on the grounds of "'undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility.'" *Indus Apparel, USA Inc. v. Bangl. Exp. Imp. Co.*, 2025 U.S. Dist. LEXIS 1580, * 6 (S.D.N.Y. Jan. 6, 2025) (quoting *Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995)). "'[T]he permissive standard of Rule 15 is consistent with [the Second Circuit's] strong preference for resolving disputes on the merits,' rather than on pleading technicalities." *Id.* (quoting *Loreley Fin. v. Wells Fargo*, 797 F.3d 160, 190 (2d Cir. 2015)).

Given the Supreme Court's decision in *Cunningham*, Defendants have no viable basis to seek Rule 12 dismissal of the proposed prohibited transaction claim. . Plaintiff did meet and confer with Defendants about the proposed amendment, and Defendants indicated that they will challenge the proposed amendment as futile on statute of limitations grounds. That argument lacks merit for two reasons.

First, given ERISA's 6-year statute of limitations, the prohibited transaction claims beginning from April 2019 forward are still within ERISA's 6-year limitations period. So, at best any potential limitations argument would not dispose of the entire prohibited transaction claim.[1]

Second, the prohibited transaction claim relates back to the filing of the initial complaint in 2021, which means that the limitations period goes back to 2015. Fed. R. Civ. P. 15(c)(1)(B) provides that new claims or defenses properly relate back to an amended pleading where the proposed amendment seeks to assert claims or defenses "that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading." "For a newly added action to relate back, 'the basic claim must have arisen out of the conduct set forth in the original pleading . . . .'" *Tho Dinh Tran v. Alphonse Hotel Corp.*, 281 F.3d 23, 36 (2d Cir. 2002) (quoting *Schiavone v. Fortune*, 477 U.S. 21, 29 (1986)). Under Rule 15, the "central inquiry is whether adequate notice of the matters raised in the amended pleading has been given to the opposing party within the statute of limitations by the general fact situation alleged in

---

[1] ERISA's three-year limitations period does not apply because Defendants cannot show at the pleading stage (based solely on the allegations of the SAC) that Plaintiff had *actual* knowledge. *See Intel Corp. Inv. Policy Comm. v. Sulyma*, 140 S. Ct. 768, 775-776 (2020) and *Browe v. CTC Corp.*, 15 F. 4h 175, 191 (2d Cir. 2021) ("actual knowledge is strictly construed and constructive knowledge will not suffice") (internal citations omitted); SAC ¶ 22 ("Plaintiff lacked actual knowledge of Defendants' disloyalty in selecting USICG as the Plan's RPS provider…").

Hon. Nelson S. Román
April 28, 2025
Page 3

the original pleading." *Stevelman v. Alias Research Inc.*, 174 F.3d 79, 86 (2d Cir. 1999) (internal quotations and citation omitted).

The proposed prohibited transaction claim readily meets this standard because the claim not only arose out of the same conduct and transaction challenged in the all the prior complaints, but also because the specific prohibited transaction – USI hiring its affiliate USICG at an excessive price – was the major focus of the prior complaints. All the proposed amendment would do is add a specific Count pursuant to 29 U.S.C. §1104(a)(1). Given these circumstances, Defendants cannot claim lack of notice or prejudice.

The reason why the prior complaints did not explicitly assert a Section 1106 prohibited transactions claim was because of the controlling precedent in the Second Circuit, including *Cunningham*, which the Supreme Court reversed. However, notably, the SAC (and prior complaints) each asserted a breach of the duty of loyalty claim Plan pursuant to 29 U.S.C. §1104(a)(1) for "disloyalty in selecting USICG as the Plan's RPS provider" *See* SAC ¶ 22 & Count II; *see also* SAC ¶¶1, 11-12, 21-22, 31, 157-58,188, 190-192. As the Supreme Court made clear, ERISA's duty of loyalty and prohibition of interested-party transactions are closely aligned, and derivative of each other. 2025 U.S. LEXIS 1458 at *6 (cleaned up) ("Section 1106 supplements the fiduciary's general duty of loyalty to the plan's beneficiaries . . . by categorically barring certain transactions deemed likely to injure the pension plan"). Accordingly, because the SAC (and prior complaints) squarely challenge the Defendants' disloyal transaction with USICG, the prohibited transaction properly relates back to the filing of the original complaint in 2021, and the limitations period goes back to 2015.

Accordingly, Plaintiff requests the opportunity to file the proposed motion for leave to amend the SAC. Because the proposed amendment is simply adding a separate new Count without adding additional factual allegations, this request should not impact or delay the Court's consideration of Defendants' pending motion to dismiss the SAC or otherwise serve to delay the progress of the litigation.

Respectfully,

Steven A. Schwartz

Steven A. Schwartz

cc:   All Counsel of Record (via ECF)

# Simpson Thacher & Bartlett LLP

425 LEXINGTON AVENUE
NEW YORK, NY 10017-3954

TELEPHONE: +1-212-455-2000
FACSIMILE: +1-212-455-2502

Direct Dial Number
+1-212-455-3539

E-mail Address
jyoungwood@stblaw.com

VIA ECF                                          May 2, 2025

                    Re:    *Cunningham v. USI Insurance Services, LLC, et al.*,
                           Case No. 7:21-cv-01819-NSR

Hon. Nelson S. Román
United States District Judge
The Hon. Charles L. Brieant Jr. United States Courthouse
300 Quarropas Street
White Plains, New York 10601

Dear Judge Román:

Pursuant to Your Honor's Individual Practices Rule 3.A.ii., we write on behalf of Defendants in response to Plaintiff's request for a pre-motion conference and to add an additional count, under 29 U.S.C. § 1106, to her Second Amended Complaint ("SAC"), filed in February 2024 and subject to Defendants' fully briefed and pending motion to dismiss (ECF 73). For the reasons set forth below, Plaintiff's request is untimely and should be denied. The fact that the Supreme Court recently addressed the pleading standard for the new claim Plaintiff seeks to assert does not give Plaintiff the opportunity to assert that claim. Plaintiff was not barred from asserting this claim in any of her prior pleadings and, regardless, even if the claim had been asserted when Plaintiff commenced this action in March 2021, it would have been untimely under ERISA's three-year statute of limitations. Plaintiff's proposed amendment therefore would be futile and Plaintiff's request to file a motion for leave to amend should be denied under Fed. R. Civ. P. 15(a)(2).

**I.     Plaintiff's Proposed New Claim Is Untimely**

29 U.S.C. § 1106 lists a number of "prohibited transactions" that plan fiduciaries may not enter into, including the "furnishing of goods, services, or facilities between the plan and a party in interest." 29 U.S.C. § 1106(a)(1)(C). A claim under this section must be brought within the earlier of (i) six years after the last action constituting the breach or (ii) three years after the earliest date on which the plaintiff had "actual knowledge" of the breach. 29 U.S.C. § 1113. A plaintiff has "actual knowledge" when he or she has knowledge of the material facts necessary to understand that a breach has occurred. *Caputo v. Pfizer, Inc.*, 267 F.3d 181, 193 (2d Cir. 2001). "Actual knowledge" can be inferred from circumstantial evidence. *Intel Corp. Inv. Policy Comm. v. Sulyma*, 140 S. Ct. 768, 779 (2020).

Contrary to Plaintiff's assertion, ERISA's six-year statute of limitations does not apply to her proposed prohibited transactions claim. Instead, that claim is subject to the three-year statute of limitations under 29 U.S.C. § 1113, and therefore untimely, because

Simpson Thacher & Bartlett LLP

Hon. Nelson S. Román -2- May 2, 2025

Plaintiff had actual knowledge by 2017 of all material facts necessary to assert that claim. Defendants have already moved to dismiss certain of Plaintiff's claims as untimely under 29 U.S.C. § 1113. Specifically, Defendants moved to dismiss Plaintiff's duty of loyalty claim premised on the payment of fees to USICG as untimely given the extensive information Plaintiff, a Plan participant since 2017, had regarding USICG's role as a service provider to the Plan since 2017. *See* Defs.' Opening Br. ISO Mtn. to Dismiss SAC (ECF 74) at 19-21. For example, annual Forms 5500 for the Plan established that USICG had been retained to provide recordkeeping and other services; Plan participants received an email with their quarterly statements from "USICG 401k Communications" instructing them to contact USICG with any questions; and disclosures to Plan participants indicated that USICG was charging participants quarterly amounts for "administrative and recordkeeping services." *Id.* at 19-21. Given these facts, Defendants pointed out that "USICG's role as recordkeeper was known to Plan participants, including Plaintiff." *Id.* at 3. Plaintiff did not dispute this fact in her opposition. *See generally* Pl's. Opp. to Defs.' Mtn. to Dismiss SAC (ECF 76).

Defendants' untimeliness arguments apply with even greater force to Plaintiff's proposed prohibited transactions claim. According to Plaintiff, all Plaintiff would need to plead in order to assert a viable claim under 29 U.S.C. § 1106(a)(1)(C) is that Defendants hired "USICG to preform [sic] recordkeeping and other services for the USI 401(k) pension plan." ECF 93 at 1. But a similarly limited set of facts is sufficient to trigger the statute of limitations on Plaintiff's prohibited transactions claim. The fact that USICG provided services to the Plan was clearly disclosed and known to Plaintiff by 2017. Because Plaintiff had "actual knowledge" of that fact by 2017, her proposed additional claim is untimely even if it had been asserted in Plaintiff's original complaint in this action (filed in March 2021) and therefore Plaintiff's relation back argument is also without merit.

In prior motion to dismiss briefing, Plaintiff has argued that additional facts beyond USICG's status as a Plan service provider are required to dismiss the claims Plaintiff has asserted. *See* Pl's. Opp. to Defs.' Mtn. to Dismiss Compl. (ECF 33) at 17 ("*Since Plaintiff is not claiming retention of USICG by the Plan was a prohibited transaction under ERISA*, the mere fact that USICG was the Plan RPS [retirement plan services] provider is not enough to show Plaintiff had 'actual knowledge' of her claims prior to 2018.") (emphasis added); Pl's. Opp. to Defs.' Mtn. to Dismiss Amended Compl. (ECF 58) at 20 (same).[1] While Plaintiff has alleged that she lacked knowledge regarding various aspects of USICG's services and fees paid for those services, she has not alleged lack of knowledge regarding USICG's status as a Plan service provider. Plaintiff's attempt to shoehorn that allegation into her existing lack of knowledge allegations is meritless. *See* ECF 93 at n.1 (citing SAC ¶ 22). Plaintiff

---

[1] In the most recent round of briefing on Defendants' motion to dismiss the SAC, Plaintiff did not respond to Defendants' untimeliness argument and has therefore abandoned her duty of loyalty claim. *See generally* Pl's. Opp. to Defs.' Mtn. to Dismiss SAC (ECF 76); *see also* Defs.' Reply Br. IFSO Mtn. to Dismiss SAC (ECF 81) at 8. After briefing on Defendants' motion to dismiss was complete, Plaintiff filed a Sur-Reply purporting to explain why Plaintiff has not abandoned her duty of loyalty claim. *See* ECF 84. That letter referenced only arguments Plaintiff had made in briefing on motions to dismiss prior iterations of Plaintiff's complaint, which only underscores why Plaintiff's duty of loyalty claim is abandoned with respect to the currently pending complaint.

Simpson Thacher & Bartlett LLP

Hon. Nelson S. Román                          -3-                              May 2, 2025

plainly had knowledge of USICG's status as RPS provider and there is no basis in the SAC or otherwise to resurrect Plaintiff's clearly untimely prohibited transactions claim.

## II. The Supreme Court's Decision Addressing the Pleading Standard for the Claim Plaintiff Seeks to Assert Does Not Excuse Plaintiff's Untimeliness

Plaintiff points to the Supreme Court's recent decision in *Cunningham v. Cornell University*, 145 S. Ct. 1020 (2025) as the purported basis for seeking to add a prohibited transactions claim over four years after Plaintiff filed her original complaint in March 2021. Plaintiff argues that "controlling case law" in the Second Circuit led her to previously forgo such a claim. ECF 93 at 1. That argument is a red herring. As of 2021, the Second Circuit had not addressed the applicable pleading standard for a prohibited transactions claim under 29 U.S.C. § 1006. Plaintiff points to the District Court decision in *Cunningham*, 2017 WL 4358769 (S.D.N.Y. Sept. 29, 2017), however it is well-settled that decisions by other district courts are not "controlling authority." *See, e.g.*, *Pentacon BV v. Vanderhaegen*, 2024 U.S. Dist. LEXIS 145296, at *34 (S.D.N.Y. Aug. 15, 2024) ("Controlling decisions include decisions from the United States Court of Appeals for the Second Circuit; they do not include decisions from other circuits or district courts, even courts in the Southern District of New York.") (quoting *Cobalt Multifamily Investors I, LLC v. Shapiro*, 2009 U.S. Dist. LEXIS 111399, at *5 (S.D.N.Y. Dec. 1, 2009)).

The Second Circuit did not even issue its decision in *Cunningham* until November 2023, at which Plaintiff had already filed an original and first amended complaint. In its decision, the Second Circuit described the specific issue to be addressed—and on which it was subsequently overturned by the Supreme Court—as "a matter of first impression." *Cunningham v. Cornell Univ.*, 86 F.4th 961, 968 (2d Cir. 2023). A Second Circuit decision issued nearly three years after Plaintiff's original complaint—and well after the three-year statute of limitations had run given Plaintiff's "actual knowledge" of USICG's status as RPS provider in 2017—does not excuse Plaintiff's failure to assert this claim at an earlier stage. In addressing the relevant pleading standard, the Supreme Court said nothing that could render Plaintiff's claims timely eight years after-the-fact.

\*   \*   \*

For the foregoing reasons, Plaintiff's request to file an amended supplemental complaint should be denied. We thank Your Honor for Your attention to this matter and are available to discuss further at the Court's convenience.

Respectfully submitted,

/s/ *Jonathan K. Youngwood*

Jonathan K. Youngwood